HIRAM RUSH AND E. P. HILBORN *v.* ANDREW P. JACKSON AND E. C. McCOMB.

LEGISLATIVE GRANT—CONSTRUCTION OF.—An Act of the Legislature granting to the parties therein named the right " to build a wharf as long as twelve hundred feet near the island in the tule in Suisun Valley, County of Solano, on the land of the State," is not void for uncertainty, but is good as a grant from the State of such rights and privileges as can be held to have passed by a fair and reasonable construction of its terms.

SAME—APPLIED TO A WHARF.—Under the terms of such a grant, the grantees therein named have the right to select any point on the slough which was near the island in the tule, in Suisun Valley, for the erection of their wharf, and to build it of any length they may elect, not exceeding twelve hundred feet.

SAME.—No obligation is imposed on the grantees, but it is left to their choice and election whether they accept the grant or build a wharf, and of what length the wharf shall be, so that it does not exceed twelve hundred feet.

SAME.—Under such a grant the grantees must, within a reasonable time, select the site of their wharf and prosecute its erection with ordinary diligence, and the extent of the grant will be determined by the length of wharf built, or amount of appropriation made within a reasonable time.

SAME.—Where the Act making such grant was passed in 1852, and in the same year the grantees selected the site for their wharf, and built it two hundred feet in length, and from that time up to 1858 made no further erection or appropriation; *Held*, that the grantees thereby determined their acceptance of the grant, and the extent of their acceptance, and the grant became inoperative beyond the two hundred feet appropriated.

APPEAL from the District Court, Seventh Judicial District, Solano County.

This action was commenced in March, 1861. The other facts are stated in the opinion of the Court.

*Shafters & Heydenfeldt*, for Appellants.

The grant was exclusive, and such rights are always protected. (*Newburgh T. Co.* v. *Miller*, 5 Johns. Ch. R. 111; *Croton T.* v. *Ryder*, 1 Johns. Ch. R. 611; *Benson* v. *City of N. Y.* 10 Barb. 223; *Norris* v. *F. & T. Co.* 6 Cal. 590.)

The grant to plaintiff became definite and complete as soon as the land was segregated by the survey. (*Smith* v. *Waterman*, 13 Cal. 373.)

The right to locate and survey was vested in the grantees, and their action in that regard must be held as effectual to confer a definitive right of property as if it was the action of the Government. (*Riley* v. *Heisch*, 18 Cal. 198.)

*Crockett* and *Crittenden*, for Respondents.

The Act of 1852, by which Moody & Hart were authorized to build the wharf, is void for uncertainty. It defines no place at which the wharf is to be built, nor prescribes any time within which it is to be commenced or finished, nor the character of the structure, nor the time for which it is to continue.

The privilege granted by the Act is not a grant of property, but a *licence*, and is not assignable. The plaintiffs, therefore, can claim nothing as the successors to Moody & Hart, or Wing. The permission to erect a wharf for commercial purposes was a personal license, and as such was not assignable. (*Munsell* v. *Temple*, 3 Gillman, 93; 1 Morris, 199; *Cowles* v. *Kidder*, 4

Foster N. H. 364; *Monroe* v. *Thomas,* 5 Cal. 471; *Thomas* v. *Armstrong,* 7 Cal. 287.)

The survey under which the plaintiffs claim, and which they allege was an appropriation of the twelve hundred feet, as set out in the complaint, can have no effect as an appropriation of that particular land. They might have made a new survey at any time, varying the location, or a dozen surveys, each different from the others, and each survey would have been as operative as the present one to appropriate the land. The survey was a superfluous and void act, not binding on Wing or his assigns—was not required by the Act of the Legislature, and had no effect whatever on the question of appropriation.

The privilege granted to Moody & Hart, and subsequently, by the Act of 1857, to Wing, attached to no particular land until it was actually used and appropriated, and there could be no appropriation except by the erection of a wharf. (*Lombard* v. *Cheever,* 3 Gillman, 469.)

The license to Moody & Hart, or Wing, is not such a *contract* as binds the State not to grant a similar privilege to another in the same vicinity; and by the Act of 26th April, 1858, the right was granted to Jackson to erect a wharf on the precise ground occupied by defendant's wharf. Neither the plaintiffs nor their predecessors, at the passage of this Act, had, in any valid manner, appropriated the land covered by defendants' wharf, the survey being ineffectual for that purpose. The grant to Jackson must, therefore, prevail over that under which the plaintiffs claim. (Story on the Constitution, §1395, *et seq.*; *Charles River Bridge* v. *Warren Bridge,* 11 Pet. 420.)

By the Court, SANDERSON, C. J.

This is an action brought to abate a wharf erected and maintained by respondents in the tule, in Suisun Valley, near Suisun City, Solano County, upon the ground that the same is a nuisance, and an obstruction to the free use and enjoyment by appellants of certain wharf rights and privileges claimed by them.

When the case was called for trial in the Court below, the defendants moved for judgment of nonsuit upon the pleadings, consisting of the complaint, answer, and replication.    The motion was granted by the Court, and judgment rendered accordingly, from which plaintiffs appeal.    The question to be determined is whether upon all the facts stated in the complaint, and those stated in the answer and not denied in the replication, the plaintiffs have any cause of action against the defendants.    It appears from the pleadings that in 1852 an Act was passed by the Legislature purporting to grant to William Moody and Morgan Hart certain "wharf privileges near the island in the tule, in Suisun Valley, County of Solano, on the land of the State."    The Act in question is worded as follows, to wit:

" SECTION 1. It shall be and is hereby made lawful for William Moody and Morgan Hart to build a wharf, as long as twelve hundred feet, near the island in the tule, in Suisun Valley, County of Solano, on the land of the State.

" SEC. 2. The State hereby grants to the said William Moody and Morgan Hart the use of the overflowed and tule land on both sides of said wharf for the distance of one hundred feet from each side of it, for twenty-five years from the passage of this Act; *provided,* that the navigation of the slough upon which it is built is not obstructed by said wharf."

This Act was passed on the 3d day of May, 1852.    On the 1st day of July, 1852, one Josiah Wing, claiming to be interested with Moody & Hart in the franchise granted by said Act, erected a wharf between the west bank of the slough and island mentioned in said Act, but this wharf was less than two hundred feet in length.    On the 15th day of September, 1852, Moody & Hart conveyed by deed, to Wing, an undivided third interest in said franchise; and on the same day Hart in like manner conveyed his remaining interest to Wing, who thereby, as is claimed by plaintiffs, became vested with an undivided two thirds interest in said franchise.    On the 24th of February,

1853, the Legislature amended the first section of the Act above quoted by striking out "twelve" and inserting "two," making it read "as long as two hundred feet," instead of twelve hundred. (Statutes of 1853, p. 30.) In February, 1855, Wing caused a survey to be made of twelve hundred feet in length, running along the bank of the slough, and embracing at its northern end the wharf erected by him in 1852. This survey was recorded in the Recorder's office of Solano County, and a copy is annexed to and made a part of the complaint. The land embraced in the survey was swamp and overflowed land, belonging to the State, and in December of the same year was patented to the defendant Jackson. On the 25th of April, 1857, the Legislature passed an Act extending and confirming to Wing the rights and privileges granted to Moody & Hart by the Act of the 3d of May, 1852, "with the same force and taking effect from the same time as if they had been granted to the said Josiah Wing instead of the said Moody & Hart, on the 3d day of May, 1852." (Statutes 1857, p. 249.) This Act makes no mention of the amendatory Act of 1852, reducing the length of the wharf from twelve hundred to two hundred feet; but in 1858 another Act amendatory thereof was passed, reviving the limitation of the Act of 1853 respecting the length of the wharf. (Statutes of 1858, p. 74.) In 1858 an Act was passed by the Legislature authorizing and empowering the defendant Jackson to erect a wharf on the slough, at a certain point commencing at the southern extremity of the twelve hundred feet embraced in Wing's survey. Pursuant to the provisions of said Act, a wharf two hundred feet in length was built by Jackson at the point designated. The plaintiffs' and defendants' wharves are separated by a space of eight hundred feet. The plaintiffs claim to have succeeded to all the rights of Wing to the franchise and wharf by a series of mesne conveyances, but do not aver that it is now or ever was their intention to extend the wharf over the whole twelve hundred feet embraced in Wing's survey, nor that the defendants have in any manner prevented them from doing so. They simply aver that the defendants have erected, without their

license or consent, a wharf two hundred feet long on the southern extremity of Wing's survey, and that it seriously impairs the value of their franchise.

Under the view which we have taken of this case, it becomes unnecessary to decide many of the points which have been made and ably argued by counsel. For the purposes of our decision, we shall assume that the Act of 1852, by which Moody & Hart were authorized to build a wharf "near the island in the tule, in Suisun *Valley*," is not void for uncertainty, (of which we have serious doubts, however,) but, on the contrary, is good as a grant by the State to them of such rights and privileges as can be held to have passed by a fair and reasonable construction of its terms. We shall also assume that Wing, although not named in the Act, was interested with Moody & Hart in the easement thereby created, and built the wharf now claimed by the plaintiffs in this action, in acceptance of the grant, and for the purpose of securing to himself and his co-grantees the benefits thereof. We shall also assume that the plaintiffs have acquired and become vested with all the rights and privileges of Moody & Hart, granted to them by the Act in question, and are entitled to the same protection which would be accorded to Moody & Hart, were they still the owners of the franchise, and invoking the aid of the Court. We shall also disregard the Act of 1853, reducing the length of the wharf from twelve to two hundred feet; the Act of 1857, extending and confirming the right of Moody & Hart, acquired under the former Act, to Wing; and the Act of 1858, reviving, as to Wing, the limitations imposed upon the Act of 1852 by that of 1853, as having no material relation to the grounds upon which our conclusion is based. The case is thus placed upon grounds most favorable to the plaintiffs, and made to depend for its solution upon the construction to be given to the Act of 1852, in ascertaining the nature and extent of the rights and privileges thereby conferred upon Moody & Hart, and by them secured through their acts of acceptance.

The first section of the Act makes it lawful for Moody &

40

Hart to erect a wharf "near the island in the tule, in Suisun Valley," but designates no particular locality further than the term wharf itself imports. The second section, however, contains a proviso to the effect that the navigation of the slough upon which it is built shall not be obstructed by the wharf. This proviso, together with the meaning and import of the word "wharf," limits the more general description of locality contained in the first section, and restricts the location of the wharf to some point on the slough which is near the island. From the terms of the grant no more definite locality for the erection of the wharf can be fixed. The wharf which Moody & Hart are thus granted the right to erect, is described in no manner or respect except that it shall not exceed twelve hundred feet in length; but in what direction or upon what line that length is to be extended, whether along the bank and parallel with the slough, or obliquely, or at right angles, is not stated in terms. But the second section "grants the use of the tule and overflowed land on both sides of the wharf, for the distance of one hundred feet from each side of it." This language seems to indicate that, in the understanding of the granting power, the length of the wharf was to be extended at right angles, or nearly so, to the slough, and not along its bank. If the length of the wharf was not to be extended along the bank, we are unable to ascertain from the record or the briefs of counsel how there can be any tule or overflowed land on the side next the slough to grant, or if so, how there could be any occasion or necessity for a grant of its use in specific terms, since the grant of the right to erect the wharf carried with it the unobstructed use of its frontage. "A wharf is a perpendicular bank or mound of timber or stone and earth, raised on the shore of a harbor, river, canal, etc., or extending some distance into the water, for the convenience of lading or unlading ships and other vessels." Necessarily, therefore, the wharf was to be built upon the bank, at the water's edge, or extending into the water far enough to be accessible to vessels navigating the slough. Hence, the grant of the tule or overflowed land, for one hundred feet in front of

the wharf, or upon the side next the slough, is absurd and meaningless. Nor, for like reasons, was there any necessity for a grant of the use of the land upon the opposite side, (assuming the length of the wharf to be along the bank,) for the grant of the right to erect the wharf would carry with it the use of land in its rear sufficient for its convenient enjoyment and use for commercial purposes. There is no utility apparent in the grant of the land upon both sides of the wharf upon any other theory than that it was to be built at right angles to the slough, or nearly so. Upon the latter theory, the utility of the grant is manifest. It affords ready and unobstructed access to the wharf for vessels navigating the slough, and confers an exclusive right to the extent of one hundred feet upon each side of it.

If this construction of the Act of 1852 be correct—and we are inclined to the opinion that it is—it follows that the defendants' wharf, being about eight hundred feet distant from that of the plaintiffs, is not within the limits granted to Moody & Hart, and by them segregated through the appropriation of Wing in 1852, and that the rights and privileges of the plaintiffs have not been intruded upon.

But it is not necessary to rest the decision of the case solely upon the foregoing construction of the Act of 1852. Assuming that the theory of the plaintiffs is correct, and that under the terms of the grant Moody & Hart had the election of the line upon which the length of the wharf was to be extended, and could lawfully extend it along the bank of the slough, or at right angles, or obliquely thereto, we still think the judgment of the Court below was correct.

Under the terms of the grant, Moody & Hart were allowed to select any point on the slough which was near the island in the tule, in Suisun Valley, for the erection of their wharf, and were allowed to build it of any length they might elect, not exceeding twelve hundred feet. No obligation is imposed upon them to build a wharf twelve hundred feet long, nor of any other determinate length, nor any wharf whatever. Except as to the limitation of twelve hundred feet, the extent

of the grant, with regard to the length of the wharf, is inde-
terminate, and designedly left to the choice and election of
the grantees. They had the right, therefore, when they
determined to accept the grant, to determine also its extent,
and say whether the wharf should be twelve hundred feet in
length or any number less than that. The Act provides no
mode or manner by which the grantees are to signify their
acceptance of the franchise, or the extent of that acceptance,
and in the absence of such a provision we know of no way in
which they could do so, except by selecting within a reason-
ble time the site of their wharf, and prosecuting its erection
with ordinary diligence, and determining the extent of the
grant as accepted by them by the extent of their appropria-
tion. On the first day of July, 1852, within a reasonable
time after the passage of the Act, the grantees selected a site
for a wharf, and built one not exceding two hundred feet in
length, and from that time to the present no further appro-
priation has been made, nor is there even an averment in the
complaint that they now desire or intend to extend their wharf,
or that the same is demanded by the wants of commerce. In
this manner they signified their acceptance of the grant and
the extent of that acceptance. Thereby they determined, as
they had the right to do within the limitations . imposed by
the Act, the site and length of the wharf. By these acts all
the conditions of the grant which were left for them to deter-
mine became fixed, and the Act was made operative as a grant
to the extent of their appropriation, and no further. By the
erection of the wharf, the land covered by it and within one
hundred feet on each side became segregated from the other
land of the State, and to it the grant attached, and passed the
estate therein specified. All the land outside of the bounda-
ries thus established remained the property of the State as
absolutely as before the passage of the Act, and the subsequent
grant to the defendant, Jackson, and his wharf, erected in
acceptance thereof, in no way infringes upon the rights and
privileges acquired by Moody & Hart.

Judgment affirmed.

Mr. Justice CURREY and Mr. Justice SHAFTER, having respectively been of counsel, did not sit upon the trial of this case.