UPHAM, Respondent, v. HOSKING, Appellant.*

No. 6974; April 29, 1882.

State Lands—Two Mile Limit—Evidence.—One attempting to defeat a patent on the ground that the land was within two miles of a town must show by affirmative evidence that at the time of the issue there was a town within the two miles.

State Lands—Two Mile Limit—Curative Act.—In regard to lands purchased from the state prior to 1872, the objection that they were within two miles of town would, provided the requirements of law were complied with in other respects, have no force, in view of the curative act of March 27th of that year.

Ferry Franchise—Nonuser—Forfeiture.—Under an act granting a ferry franchise and providing for forfeiture in default of the establishing of the ferry by the grantee within a time named, a failure to establish the ferry within that time would ipso facto operate as a forfeiture and need no judicial proceeding to declare the fact and effect.

*For subsequent opinion in bank, see 62 Cal. 250.

APPEAL from Seventh District Court, Solano County.

Lamont, Brooks and Levison for appellant; J. F. Wendell for respondent.

By the COURT.—Plaintiff brought an action of ejectment to recover certain lands described in his complaint.

Upon the land sued for there was a wharf, built under a franchise granted by the state to one Collins, under whom defendant derived title. Judgment passed for plaintiff; there was a motion for a new trial, which was denied, and this appeal is from the judgment as well as from the order denying a new trial.

Plaintiff introduced in evidence a patent from the state, bearing date May 18, 1872, and also a deed from one Brown to him, dated February 29, 1872.

The evidence and admissions of the parties clearly show that all of the lands in controversy are within the boundaries of the description contained in the patent, except a strip seventeen by one hundred and thirty feet; as to that strip, it was admitted that the title was in Brown, who conveyed the same to plaintiff, unless the strip was excluded by an exception contained in the deed of conveyance. The finding of the court is "that the plaintiff is, and was at the commencement of this suit, and at all the times alleged in his complaint, the owner in fee simple and entitled to the possession of all and singular the premises described in his complaint"; which necessarily includes a finding that the strip mentioned was not excluded by the exception in the deed. There is nothing in the evidence to satisfy us that the finding is incorrect.

The plaintiff's title under the patent is attacked upon the ground that the land lies within two miles of the town of Collinsville and was therefore not subject to sale. There are two answers to this objection, the first of which is, that it appears by the fourteenth finding of the court "that the said land included in said location and patent is not, and never has been, situated within two miles of any town whatever." If the defendant attempted to defeat the patent by showing that the land described therein was within two miles of a town, and

therefore reserved from sale, it was his duty to do so by affirmative and satisfactory evidence that there was a town within two miles of the land. This he failed to do, and we think the court was justified by the evidence in finding that there was no town within two miles.

But if the evidence satisfactorily showed that such a town existed, we think it would not have availed the defendant in view of the curative act of March 27, 1872. On this point it will be sufficient for us to refer to the late decision of this court in the case of Rowell v. Perkins, 56 Cal. 226, where the act above referred to is fully considered by the court, and we concur in the views therein expressed by Mr. Justice McKinstry.

The remaining question in the case is whether the defendant had the title under a statute of this state granting to one C. J. Collins, his associates and assigns, for the term of twenty years, from May 6, 1861, the right to establish a ferry across the upper end of Suisun bay, from Point Collberg, in Solano county, to a place called New York, in Contra Costa county. By section 4 of the act granting the franchise it is provided that "if the said parties shall fail to commence and complete the said wharf and establish the said ferry within the time prescribed in this act (six months), or in any other manner violate its provisions, then all the rights granted become forfeited to the state."

The finding is "that neither said Collins, his associates, nor assigns ever established or put in operation any ferry of any kind between the points named in the said act," and this finding is fully sustained by the evidence. There was therefore a forfeiture of all rights that ever existed under the act of 1861, and it was within the power of the state to sell the land to the plaintiff. The failure to build the wharf and establish the ferry operated a forfeiture under the act, and no judicial proceeding was necessary to declare the forfeiture: Borland v. Lewis, 43 Cal. 569; Oakland R. R. Co. v. Oakland etc. R. R. Co., 45 Cal. 365, 13 Am. Rep. 181.

Certain other acts of the legislature were offered in evidence by the plaintiff, but for what purpose is not very clear to us. Objection was made to their admissibility by the defendant, and it is said that the court did not pass upon the question.

But no right was claimed under them by either party, and, in the view we have taken of the case, they were immaterial. Judgment and order affirmed.