[No. 13929.   Department One. — January 9, 1891.]

TOWN OF ARCATA, APPELLANT, v. THE ARCATA AND MAD RIVER RAILROAD COMPANY, RESPONDENT.

MUNICIPAL CORPORATIONS — RAILROADS — OCCUPATION OF STREETS — POWER OF LEGISLATURE — AUTHORITY TO CONSTRUCT ROAD. — The legislature has the right to delegate to municipal boards the power and discretion to say whether a railroad shall be laid in the streets, and if so, where and under what conditions, and it has granted authority to construct a railroad on any highway or street subject to the conditions that the consent of two thirds of the members of the council or board must be obtained before any street or avenue of an incorporated city or town can be taken for such purpose.

ID. — ORDER PERMITTING SIDE-TRACK — UNCONDITIONAL GRANT —' LICENSE — REVOCATION. — An order of the board of trustees of a municipality granting a railroad company the right to lay and maintain a side-track upon certain streets of the municipality, but containing no conditions as to the time within which the work was to be commenced or completed, is not a mere license revocable at the pleasure of the board.

ID. — CONSTRUCTION OF SIDE-TRACK — RESCISSION OF GRANT. — After the company had acted upon the terms of the order and expended money in the construction of the side-track, the board could not rescind or recall the privilege it had granted, unless the company failed to comply with the terms or conditions of the grant.

ID. — FAILURE TO PERFORM WORK — FORFEITURE — JUDICIAL DECLARATION. — Where a statute expressly provides that a failure to complete a contemplated work within a certain time shall work a forfeiture, no action is necessary to enforce the forfeiture; but upon the happening of the event which is the statutory basis of forfeiture, the title to the thing forfeited immediately vests in the state; yet where the forfeiture is not expressly declared by statute, a judicial declaration of forfeiture in a suit instituted for that purpose is necessary to divest the title of the owner.

ID. — REASONABLE TIME FOR COMPLETION — JUDGMENT OF FORFEITURE — USE OF STREETS — EJECTMENT. — Where the board of trustees of a municipality, without expressed conditions, granted to a railroad company the right to lay and maintain a side-track upon certain streets, even if the principle is applicable that the grantees must signify their acceptance by commencing the work within a reasonable time, and prosecuting it

to completion with ordinary diligence, yet, in the absence of a statutory provision or municipal ordinance or order declaring a forfeiture for a failure to complete the work within a reasonable time, the right of the company to the use of the street can be terminated only by a judgment of forfeiture in an action commenced directly for that purpose, and cannot be considered in an action of ejectment.

ID. — COMPLETION OF RAILROAD — CONSTRUCTION OF CODE — SIDE-TRACK. — Section 468 ·of the Civil Code, providing that a railroad corporation must begin the construction of its road within two years after filing its articles of incorporation, and must every year thereafter build and operate at least five miles of its road, until the road is fully completed, and upon its failure so to do, for the period of one year, its right to extend its road beyond the point then completed is forfeited, applies to the main road provided for in the company's articles of incorporation, and not to a switch or side track which the company may find necessary for the proper conduct of business and the convenience of the public after the road has been put in operation.

APPEAL from a judgment of the Superior Court of Humboldt County.

The facts are stated in the opinion of the court.

J. W. Turner, J. N. Gillett, and J. F. Coonan, for Appellant.

Railroad charters are strictly construed. (Newhall v. R. R. Co., 14 Ill. 273; Parker v. R. R. Co., 7 Man. & G. 253; Wilmington etc. R. R. Co. v. Reid, 64 N. C. 226; Bowling Green etc. R. R. Co. v. Warren County Court, 10 Bush, 711; Richmond v. R. R. Co., 13 How. 71; Commonwealth v. Pittsburg etc. R. R. Co., 24 Pa. St. 159; 62 Am. Dec. 372.) Ejectment is the remedy. The city owns the fee of the land over which the streets pass, under the act of Congress granting the land for townsite purposes. (Weyl v. Sonoma Valley R. R. Co., 69 Cal. 203; U. S. Rev. Stats., sec. 2387; City of Visalia v. Jacob, 65 Cal. 434.) The pretended charter granted by the board of trustees of Arcata is void. It was ultra vires the corporation to make such a grant. (U. S. Rev. Stats., sec. 2387. See act of January 24, 1860; see act of 1855; Stats. 1856; Stats. 1876.) The intention of the law was, that occupants should be recipients of the entry "to the extent of their actual occupancy." (Ricks v. Reed, 19 Cal. 552; Jones v. Petaluma, 36 Cal. 231.) If

defendant ever acquired any right under the order of the board of trustees, and such right was a franchise, then it forfeited the right by operation of law. (Civ. Code, sec. 468.) If a franchise is granted by the state upon the condition that the corporation construct certain works in a specified time, a failure so to do works a for- feiture without judgment at suit of the state. (*People* v. *Stockton etc. R. R. Co.,* 45 Cal. 306; 13 Am. Rep. 178; *Rush* v. *Jackson,* 24 Cal. 308; *Upham* v. *Hosking,* 62 Cal. 257; *Omnibus R. R. Co.* v. *O. B. & F. V. R. R. Co.,* 45 Cal. 365; 13 Am. Rep. 181.) The charter gave the trustees no power to grant this license, franchise, or power (Laws 1858, p. 7); nor as amended. (Laws 1873–74, p. 280.) The fee of the street is in the city, for the use of the inhabitants, and the patent dedicates it to a pub- lic use. (*Mayo* v. *Wood,* 50 Cal. 171.) The legislature of this state has not granted an easement in the streets of Arcata to defendant; it has not and could not delegate its powers to the board of town trustees so to do. A grant of an easement of a street is purely a grant of cor- porate power, and cannot be made to a private corpora- tion. (*San Francisco* v. *Spring Valley W. W.,* 48 Cal. 493; *Market Street R. R. Co.* v. *Central R. R. Co.,* 51 Cal. 583.) The grant of corporate power to defendant; therefore, was invalid. (*Dartmouth College* v. *Woodward,* 4 Wheat. 519.) Streets are the private property of the corpora- tion, though held for a public use. (*Welsh* v. *Plumas County,* 80 Cal. 338.) The city is entitled to the posses- sion of its streets exclusive of all other persons (*Rail- road Co.* v. *Benity,* 5 Saw. 118; *San Francisco* v. *Sullivan,* 50 Cal. 603), and an action of ejectment was the proper remedy. (*City of Visalia* v. *Jacob,* 65 Cal. 434; 52 Am. Rep. 303; *Winona* v. *Huff,* 11 Minn. 119; 2 Dil- lon on Municipal Corporations, 660.) The license, if it was one, was revocable at pleasure. (2 Dillon on Mu- nicipal Corporations, 654.) The acts of the defendant in finishing its road after the right was revoked, and after notice of the revocation, cannot give it a stand- ing in court. It cannot claim that the license was an

executed one. (*Potter* v. *Mercer*, 53 Cal. 667.) Nor was plaintiff estopped by its acts from revoking the right, had any been granted. (*Rumpp* v. *Gerkens*, 59 Cal. 496.) Neither was it a license coupled with an interest, and hence not revocable. The true rule is, that grantees, when no time is specified, must, within a reasonable time, commence work, and prosecute it with ordinary diligence to completion. (*Rush* v. *Jackson*, 24 Cal. 308; *Gilmore* v. *Wilbur*, 12 Pick. 120; 22 Am. Dec. 410; *Hill* v. *Hill*, 113 Mass. 103, 107; 18 Am. Rep. 455.) A license is revocable, even if the licensee has placed valuable improvements on land, and has been put to expense to use the right. (*Morse* v. *Copeland*, 2 Gray, 302; *Cook* v. *Stearns*, 11 Mass. 533; *Rumpp* v. *Gerkens*, 59 Cal. 496; *Stevens* v. *Stevens*, 11 Met. 251; 45 Am. Dec. 203; *Mumford* v. *Whitney*, 15 Wend. 380; 30 Am. Dec. 60; *Potter* v. *Mercer*, 53 Cal. 673; *Robinson* v. *Pittsburg R. R. Co.*, 57 Cal. 420.) And no matter what expenditures have been made, it may be revoked. (*Murdock* v. *R. R. Co.*, 73 N. Y. 579; *Miller* v. *R. R. Co.*, 6 Hill, 61; *Pitkin* v. *Long Island R. R. Co.*, 2 Barb. Ch. 221; 47 Am. Dec. 320; *Day* v. *R. R. Co.*, 31 Barb. 548.) A written license for an indefinite period may be revoked at any time. (*Duryee* v. *Mayor*, 96 N. Y. 477.) The right granted by trustees to build track in street is a license, and not a franchise. (*Chicago etc. R. R. Co.* v. *Story*, 73 Ill. 543.) The granting by trustees, by resolution, the right to construct a railroad on streets, where no time is fixed for limitation, or reserving a power of revocation, is not a license, nor an act of municipal legislation, merely, but is a contract, and is invalid. This is the case at bar. (*Davis* v. *Mayor*, 14 N. Y. 532; 67 Am. Dec. 186; *Milhau* v. *Sharp*, 27 N. Y. 611; 84 Am. Dec. 314; *People's R. R. Co.* v. *Memphis R. R. Co.*, 10 Wall. 52.)

*S. M. Buck*, and *Buck & Wheeler*, for Respondent.

Defendant had the legal right to maintain its track upon the street in question, as it was authorized by the legislature to construct its road across and along any

street or highway.  (Civ. Code, sec. 465, subd. 5.)  The action of the town authority, in pursuance of the legislative grant, in granting the defendant's petition constituted a perfect franchise, which the defendant then owned, and, together with the defendant's act in entering upon the *locus in quo*, and laying its track, constituted a contract which could not be revoked.  (*Milhau* v. *Sharp*, 27 N. Y. 622; 84 Am. Dec. 314; *Kansas* v. *Corrigan*, 85 Mo. 263; 55 Am. Rep. 361; *City of Waterloo* v. *Waterloo R. R. Co.*, 71 Iowa, 193; *Atchison etc. R. R. Co.* v. *Manley*, 42 Kan. 577.)  As there was neither an ouster nor adverse possession, ejectment will not lie. (*Brown* v. *Brackett*, 45 Cal. 173; *Garner* v. *Marshall*, 9 Cal. 268; *Allen* v. *Dunlap*, 42 Barb. 587.)  As plaintiff only claimed an easement in the street, with no possession or claim of possession against plaintiff, always conceding to plaintiff full power and control over the manner in which the easement should be enjoyed, ejectment cannot be maintained against defendant to test its legal right to use and enjoy such easement.  (*Wood* v. *Truckee etc. Co.*, 24 Cal. 488; *Child* v. *Chappell*, 9 N. Y. 250, 251.) Appellant appears to rely on some forfeiture by defendant of its right acquired under the franchise granted it by the authorities of Arcata; but a party relying upon a forfeiture must specially plead it, and set forth the facts constituting the same.  (*Welsh* v. *Plumas County*, 80 Cal. 338; *Dutch Flat Water Co.* v. *Mooney*, 12 Cal. 534.)  Ejectment is not the proper remedy.  (2 Wood's Railroad Law, sec. 275.)  Appellant's contentions that defendant had not completed its track within a reasonable time, that the track was not properly constructed, that its franchise was a mere license revocable at the pleasure of the town authorities, and that such license had been revoked, are all answered by the foregoing authorities.

PATERSON, J. — The defendant was incorporated in July, 1881, for the purpose of constructing and operating a railroad from the northern end of Humboldt Bay to the North Fork of Mad River, on a line passing through

Arcata, which is an incorporated town. In due time thereafter the road was constructed. In March, 1885, the defendant applied to plaintiff's board of trustees for the privilege of constructing and operating a side-track between certain points within the town limits, and an order was made by the board granting to defendant "the right to lay and maintain a side-track from Dean & Campbell's switch, across Seventh Street to and down J Street to Tenth Street, to intersect with the said track in Sharp's field, subject to such rules and conditions as the board of trustees may think proper and just." Nothing was said in the order as to the time within which the work was to be commenced or completed. The distance between the points named is about four and a half blocks. Two disconnected pieces of track covering a distance of about three and a half blocks were laid in 1885. Nothing further was done until September 10, 1888, when the gap between the two sections was filled, and the switch or side track was completed. On August 8, 1888, the board of trustees passed an order — of which defendant had notice before the work was completed — rescinding the order of March 9, 1885, granting defendant the privilege of constructing a side-track, it appearing to the board that up to that time the company had not taken advantage of the privilege granted, and on July 16, 1889, a resolution was adopted directing the institution of a suit to compel defendant to remove the track.

The complaint is in ejectment form. It alleges plaintiff's ownership, subject to the right of the public to use the land as a street, defendant's unlawful entry, and ouster of plaintiff, and its continued obstruction of the street. The answer consists of a general denial, and a claim that defendant is rightfully in possession under the order of March 9, 1885, and by virtue of the acts performed and money expended in pursuance of the franchise therein granted.

It is claimed by appellant that the trustees had no power to grant the use of the streets to the defendant for

a side-track on which to run cars for loading and unloading. But there can be no question, we think, as to the right of the legislature to delegate to municipal boards the power and discretion to say whether a railroad shall be laid in the streets, and if so, where, and under what conditions. The authority to construct the road on any highway or street is conferred by the legislature (Civ. Code, sec. 465), subject to the condition that the consent of two thirds of the members of the council or board must be obtained before any street or avenue of an *incorporated* city or town can be taken for such purpose. (Civ. Code, sec. 470.) Defendant obtained such consent in 1885.

There is no merit in the contention that the order of March 9, 1885, was a mere license revocable at the pleasure of the board. After the defendant had acted upon the terms of the order, and expended money in the construction of the road, the board could not rescind or recall the privilege it had granted, unless the company failed to comply with the terms or conditions of the grant.

If this or any other action can be maintained against defendant, it must be upon the ground that the defendant, through its failure to complete the construction of the side-track when it should have been completed, has forfeited its right to maintain the same. Respondent insists that such a question cannot be considered in an action of this kind; that a forfeiture must be judicially established in a direct proceeding on the part of the people, and cannot be brought up collaterally in an action of ejectment.

At common law, a forfeiture did not operate to divest the title of the owner, or to restore to the government the thing granted, until a judgment of forfeiture had been obtained in a suit instituted for that purpose. After such judgment, under the doctrine of relation, the title was carried back to the owner as of the time of the happening of the event or the commission of the offense upon which the estate was conditioned. But where the

statute provides that a failure to pay at a certain time, or to complete the contemplated work within a certain time, shall work a forfeiture, no action is necessary to enforce the forfeiture. In such a case, upon the happening of the event of the commission of the offense which is the statutory basis of forfeiture, the title to the thing forfeited immediately vests in the state. (*Rush* v. *Jackson*, 24 Cal. 316; *Borland* v. *Lewis*, 43 Cal. 572; *Oakland R. R. Co.* v. *Oakland etc. R. R. Co.*, 45 Cal. 379; *Upham* v. *Hosking*, 62 Cal. 257.) There is some language employed in the opinion in *People* v. *Los Angeles Electric Railway Co.*, 91 Cal. 338, which appears to hold that a forfeiture must in all cases be judicially declared, but the learned justice who wrote the opinion was not then considering the question of forfeiture *based upon a failure to perform the work within statutory time.*

We do not think that section 468 of the Civil Code is applicable to this case. That section is as follows: "Every railroad corporation must, within two years after filing its original articles of incorporation, begin the construction of its road, and must every year thereafter complete and put in full operation at least five miles of its road, until the same is fully completed, and upon its failure so to do, for the period of one year, its right to extend its road beyond the point then completed is forfeited." These provisions apply to the main road provided for in the company's articles of incorporation, and not to every switch or side track which the company may find necessary for the proper conduct of business and the convenience of the public after the road has been put in operation. The switch or side track under consideration was a mere convenience in the operation of the road which defendant was incorporated to construct and operate. It was no more a part of the work referred to in section 468 than the site for a depot or landing-place in a street of the town would be. The right to use the street for a switch upon which to run cars, for the purpose of loading and unloading, was a privilege that operated to the mutual benefit of the de-

fendant and its patrons, the public. The board of trustees could have named the conditions upon which the company might exercise the privilege granted, including the time of the commencement and completion of the work, and could have provided that upon a failure to perform such conditions, the right to the franchise would be forfeited. The order of March 9, 1885, stated that the privilege was granted "subject to such rules and conditions as the board of trustees may think proper and just." But the board has never fixed any time or named any conditions upon which the right of the company to act and enjoy the franchise granted should depend.

It is a general rule, applicable to legislative grants of the right to use public lands for a particular purpose, that where the time within which the grantees are to accept the franchise is not fixed in the grant, the grantees must signify their acceptance by commencing the work within a reasonable time, and by prosecuting the same to completion with ordinary diligence. (*Rush* v. *Jackson*, 24 Cal. 316.) But if it be conceded that such a rule is applicable to a municipal order like the one before us, it does not follow that this action can be maintained. In the absence of a statutory provision or municipal ordinance or order declaring a forfeiture for a failure to complete the work within a reasonable time, the right of the company to the use of the street could be terminated only by a judgment of forfeiture in an action commenced directly for that purpose. (*United States* v. *Grundy*, 3 Cranch, 151.)

Judgment affirmed.

Harrison, J., and Garoutte, J., concurred.