## East Tennessee Telephone Co. v. Board of Councilmen of the City of Frankfort, et al.

(Decided April 10, 1911.)

A city may, upon reasonable notice, revoke a bare license to a telephone company to erect poles in the streets of the city. (See original opinion East Tenn. Tel. Co. v. Board of Councilmen of City of Frankfort, 141 Ky. 588.)

HUMPHREY & HUMPHREY, IRA JULIAN, W. L. GRANBERY and W. PRATT DALE for appellant.

SCOTT & HAMILTON, G. H. BRIGGS and T. HITER CROCKETT for appellee.

RESPONSE BY CHIEF JUSTICE HOBSON—Overruling Petition.

In Trustees of Southampton v. Jessup, 162 N. Y. 122, the opinion of the court is rested upon the ground that there was a grant of a franchise, and not a mere license. In Hudson Telephone Co. v. Jersey City, 49 N. J. L. 303, there was a statute authorizing the grant by the council of the use of the street to the telephone company; and it was held that the grant, having been made pursuant to the statute could not be revoked. The case turned, really, on the previous cases construing the statute. People v. Central Union Telephone Co.,192 Ill. 307, follows Chicago City Ry. Co. v. People, 73 Ill., 541, and Chicago Municipal Gas Light Co. v. Town of Lake, 130 Ill. 42, and rests upon a similar statute. Arcata v. Arcata, &c. R. R. Co., 92 Cal. 639, involved the grant of a right of way to a railroad, and seems to be rested on the ground that a license could not be revoked after the grantee had acted upon it and expended money in the construction of the road.

The rule that a license may not be revoked after the grantee has made expenditures upon the faith of it, is not maintained in many jurisdictions; and we are not willing to apply it, at least in the case of municipal bodies, for the reason that they represent the people, and all who deal with them must take notice of the limitations

upon their authority. The streets of the city are laid out for the convenience of the public. The city holds the title to them for the use of the public. The city authorities may regulate them for the public use, but they should have the power, from time to time as the public requires, to do all those things necessary for the public good. The city council, which gives a mere permission to another to use the streets of a city in a certain way, should not be held by this to part, permanently, with the control of the subject. Thirty years have elapsed since the license here was granted.

The natural meaning of the language of the ordinance before us is that the telephone company is given permission to place its poles on the streets, and to carry the wires across the city bridge. The ordinance is silent as to any grant of a right; it does not purport to grant a franchise; it does not grant the right to maintain the poles in the street, except as this may be inferred from the permission to erect them there. The bare permission to erect the poles on the streets would, *prima facie,* mean nothing more than that they might be maintained there at the pleasure of the council. Grants of this sort by a city council should not be extended by construction beyond the fair meaning of the words used.

Petition overruled.