[Civ. No. 784.   Third Appellate District.—April 24, 1911.]

STANDARD INVESTMENT COMPANY, Appellant, v. W. S. KINGSBURY, as Surveyor General and Register of State Land Office, Respondent.

STATE SCHOOL LANDS—PURCHASE ON FIRST PAYMENT—ANNUAL INTEREST PAYABLE JANUARY 1ST IN ADVANCE—FULL PAYMENT IN MARCH—INTEREST UNAFFECTED.—Where a certificate of purchase of state school lands was taken on the first payment of twenty per cent, with the residue on credit, the annual interest thereon is payable yearly in advance on the first day of January; and the fact that full payment is made in March cannot affect the year's interest due in advance on the preceding January 1st, or entitle the holder of the certificate to any abatement on account of such interest past due.

ID.—TIME FOR PAYMENT OF PRINCIPAL OPTIONAL WITH PURCHASER—MODE OF AVOIDING INTEREST IN ADVANCE.—By the terms of the certificate of purchase of state school lands the time of the final

payment is optional with the purchaser; and if he desires to avoid the payment of another year's interest in advance when he makes final payment, he must make such payment on or before the first day of the year.

ID.—NO AUTHORITY FOR WAIVER OF INTEREST PAST DUE.—There is no warrant in the statute for the waiver of any of the interest which is past due by the terms of the statute. No officer is authorized to waive any part thereof.

ID.—UNPAID INTEREST DUE UNTIL PAID WITH COSTS OF SUIT BEFORE DECREE OF FORECLOSURE.—The unpaid interest remains due until it is paid, and to save the certificate from final loss by a decree of foreclosure, the costs of suit must also be paid before the entry of the decree.

ID.—DELINQUENCY PRECLUDES PATENT.—While the year's interest due in advance on or preceding January 1st remains unpaid, and renders the certificate liable to foreclosure, the delinquency precludes the state from executing a patent until the delinquency is wholly removed, and paid in full.

ID.—PRACTICE TO ALLOW REBATE OF INTEREST—PRACTICAL CONSTRUCTION AIDING DOUBTFUL STATUTE—DEFEAT OF MANIFEST PURPOSE NOT ALLOWED.—Conceding that the practice has been in the past to allow a rebate of part of the year's interest where payment in full is made after January 1st, yet the only effect of a practical construction of long standing is merely as an aid to the construction of a doubtful statute; and no amount of practice can be allowed to defeat the manifest purpose of the legislature.

APPEAL from a judgment of the Superior Court of Sacramento County. Peter J. Shields, Judge.

The facts are stated in the opinion of the court.

M. W. McIntosh, for Appellant.

U. S. Webb, Attorney General, and Malcolm C. Glenn, Deputy Attorney General, for Respondent.

BURNETT, J.—Plaintiff, being the owner, by assignment, of a certificate of purchase of state school lands, which had been purchased on credit, omitted to pay in advance the annual seven per cent interest due thereon the first day of January, 1910, but on the eighth day of March, 1910, paid to the county treasurer of the proper county the full amount of principal and the interest accrued to the latter date, and,

on or about said time, surrendered the certificate and requested the surveyor general to prepare and cause to be issued to plaintiff a patent for said lands, which the surveyor general refused to do, assigning as a reason therefor that the plaintiff did not, on January 1, 1910, pay the year's interest to January 1, 1911. Upon the filing of a complaint setting forth these facts, an alternative writ of mandate was issued in accordance with the order of the court below. Upon the hearing a general demurrer filed by respondent was sustained and the plaintiff allowed twenty days to amend its complaint. Plaintiff declined to amend and a judgment of dismissal was entered, from which the appeal has been taken.

Section 3494 of the Political Code provides that: "The unsold portion of the five hundred thousand acres granted to the state for school purposes, the sixteenth and thirty-sixth sections and lands selected in lieu thereof, must be sold at the rate of $1.25 per acre, in gold coin, payable: twenty per cent of the principal within fifty days from the date of the certificate of location issued to the purchaser; the balance, bearing interest at the rate of seven per cent per annum, in advance, is due and payable within one year after the passage of any act by the legislature requiring such payment, or before, if desired by the purchaser." It is to be observed that, except the twenty per cent required to be paid within fifty days from the issuance of the certificate of location, the time for the payment of the principal is optional with the purchaser. He may pay it all at any time. The legislature may provide also that the balance of the principal must be paid within one year, but it has enacted no such statute. The section expresses also, as clearly as can be, the legislative intent that the interest on whatever balance of principal may be due shall be paid in advance.

The rule providing specifically how interest on deferred payments for all state lands shall be computed and when payable is found in section 3427 of the Political Code as follows: "The county treasurer must compute interest on all sales from the date of the approval of the survey, or the date of the certificate of location, to the 1st of January following the day upon which the interest falls due; after which time all payments of principal or interest fall due on the first day of January."

Without doing violence to the simple and explicit language employed by the legislature in a matter admittedly within its control, it is impossible, therefore, to avoid the conclusion that, on the first day of January, 1910, there was due from plaintiff to the state interest on the balance of the principal for one year at the rate of seven per cent per annum. Since it was not paid it would still be due on the eighth day of March following. It is, indeed, conceded by appellant that said condition existed on the 1st of January, but it is contended that, by the subsequent tender of the balance of the principal, plaintiff became entitled to an abatement of over three-fourths of the interest that was due on said first day of January. There is no warrant in the statute for such contention. Neither the county treasurer, surveyor general nor anyone else is authorized to waive the payment of any portion of this interest. Indeed, if the interest is not paid by the first day of May, the land is included in the delinquent list which is required to be furnished by the register to the district attorney of the county in which the land is situated. (Pol. Code, sec. 3546.) The district attorney thereupon is required to give notice that if the amount due is not paid within fifty days thereafter he will commence suit to foreclose the interest of the purchaser in the land. (Id., sec. 3547.) The holder of the certificate, however, at any time before the filing of the decree of foreclosure may pay the amount due the state and the costs of suit to the time of payment and thereby be restored to his rights in the premises. (Sec. 3551.) In all these sections the "amount due" unmistakably contemplates one year's interest in advance computed on the first day of January, and there is not a word to indicate a purpose to relinquish any part of the interest if a complete settlement be made subsequent to said date. The position of appellant really amounts to the contention that by a failure to comply with its statutory duty to pay the interest on the first day of January, a portion of its obligation is remitted as a reward for its dilatory payment of the principal. This is hardly consonant with conventional business principles or a rational view of the legislative intent.

The infirmity of appellant's claim is further shown in the circumstance that if the year's interest is not paid prior to the first day of May foreclosure will follow, and the only way

to avoid the decree is to pay all that is due the state together with accrued costs.   It is not provided that the payment of the principal alone subsequent to January 1st will excuse the surveyor general from reporting the nonpayment of the interest nor relieve the district attorney of the duty of foreclosure. Since the land, therefore, after the first day of the year is burdened with a debt to the state for interest that renders it liable to be sold under foreclosure, it is obvious that the state, while this interest remains unliquidated, is in no position to execute a patent and thereby waive its claim to assert any encumbrance.

Appellant has apparently proceeded upon the theory that the legislature has already passed an act requiring the payment of the balance of the principal within one year.   If such a statute had been enacted the situation might be different. As suggested by respondent, if the legislature, in March, 1909, had passed an act requiring the payment of the balance within a year, or by March, 1910, the last payment of interest would probably be reduced proportionately, the final payment having been made a matter of compulsion and not of discretion. But as the law exists now the payment of the balance of the principal is a mere privilege which the purchaser may or may not exercise.   The difference is aptly illustrated by reference to two promissory notes.   In the case of a note, made in March, 1910, payable two years after date, the first payment of interest to be made in advance to January, 1911, and thereafter the interest to be payable yearly in advance on the first day of January of each year, the principal, of course, would be due in March, 1912.   If the principal is paid when due, the last installment of interest that could be exacted would probably not extend beyond that date.   But if a promissory note provided that the interest should be payable yearly in advance, on January 1st, and the principal might be paid on or before ten years after date, then, of course, the maker might pay the principal at any time within the year but it would not relieve him of the duty of paying the whole year's interest, which became due on the first day of the year.

There is nothing unreasonable, unjust or oppressive in the requirement of the statute.   It provides for uniformity in the purchase of these public lands and contemplates that the payment of the balance of the purchase price as well as the

16 Cal. App.—6

interest due on any unpaid balance shall be made on the first of the year. The purchaser can easily escape the payment of a year's interest in advance by liquidating the principal on the first day of the year but if he defers, as in the case at bar, the payment of the balance of the principal, he cannot complain that the surveyor general exacts what the statute demands and with which all purchasers must be deemed familiar.

There is manifestly no inconsistency between this position and the direction contained in the form of approval issued by the surveyor general as follows: ''The county treasurer of said county will, within fifty days of this date, receive from applicant the sum of ———— dollars, being payment in full for said land, or the county treasurer will, at the option of said applicant, receive the sum of ———— dollars, being twenty per cent of the purchase money, with interest on the balance at the rate of seven per cent per annum in advance from the date of this approval to the first day of January next.'' The law gives the purchaser the privilege of paying the entire principal within fifty days without interest, the statute requiring interest only on the balance of the principal remaining unpaid.

Appellant sees, in this interpretation of the law, an example of penalty or forfeiture, in that it requires the payment of interest in advance upon money that the purchaser is not using. By calling it a penalty or forfeiture we cannot disguise nor obscure the plain, simple fact that the law does demand the interest in advance, that this is one of the terms of the contract to which the purchaser has agreed, and there can be no question that the legislature has the right to impose such conditions for the disposition of the state lands.

Respondent, in his brief, calls attention to the various statutes upon the subject, beginning with the act of 1855, all exhibiting the same purpose to hold the purchaser strictly to the payment of the interest in advance. For instance, the act of 1855 (Stats. 1855, p. 189) for the sale of swamp and overflowed lands provided that the purchaser, if he desired, might have a credit of five years within which to pay the purchase price ''by paying interest at the rate of ten per cent per annum upon the purchase money, the interest in all cases to be paid one year in advance.'' It provided also that if

the purchaser "shall fail or neglect to pay the interest as required by this act for the space of one year from the time such interest may become due . . . such neglect or failure shall work a forfeiture of such lands, and the same shall be resold as if no purchase had been made." In *Borland* v. *Lewis,* 43 Cal. 572, it is said, in reference to this provision, that "In our judgment it was intended by the sixth section to make the failure to pay the interest for one year after it became due operate as a complete forfeiture of the purchaser's right in and to the land."

Without specific reference to them, it may be said that the other statutes are similar in their requirement as to the interest, the only difference being the date from which the interest should be computed.   Since 1868 the rule has been to compute the interest to the first day of January following the date of the approval, or the date of the certificate of location, or, in case of lands purchased prior to the enactment of the statute, to the first of the following January.   The purpose of the change was undoubtedly to make the interest on the various locations fall due at the same time, thereby simplifying and facilitating the work of the surveyor general in his reports and of the district attorneys in their proceedings against delinquent purchasers.

The suggestion is made by appellant that the practice for many years has been in accordance with his construction of the statute and it is urged that the practical interpretation of the law by those charged with its administration is entitled to great weight.   In this connection the following is quoted from Sutherland's Statutory Construction, section 309: "A practical construction of long standing, by those for whom the law was enacted, will not be lightly questioned, especially in matters of form, though it will not be allowed to defeat the manifest purpose of the statute. . . . The practical construction given to a doubtful statute by the public officers of the state and acted upon by the people thereof, is to be considered—it is perhaps, decisive, in a case of doubt.   This is similar in effect to a course of judicial opinions.   The legislature is presumed to be cognizant of such construction, and after long continuance without any legislation evincing its dissent, courts will consider themselves warranted in adopting that construction.   Contemporaneous construction and official

usage for a long period, by the persons charged with the administration of the law, are among the legitimate aids in the construction of statutes.''

But granting that the practice has been as claimed by appellant and that the courts must take judicial notice of it, still, as stated above, this would simply be an *aid* to the construction of a *doubtful* statute and it could not be allowed to defeat the manifest purpose of the legislature. We think there is no doubt in the case before us as to what the law requires of respondent and, in recapitulation, we adopt substantially his language, as follows:

First. Section 3494 of the Political Code provides for the payment of interest in advance on deferred payments.

Second. Section 3427 provides for the payment of the first interest in advance up to the first day of January following the date of the approval, and all subsequent payments fall due on the first day of January.

Third. By section 3513, if payment is not made within fifty days after approval, the location is void. This payment must be either in full of $1.25 per acre, or twenty per cent and interest in advance till the following January.

Fourth. If the subsequent payments of interest are not made on the first day of January, when due, no forfeiture is provided, but in May of each year a delinquent list is sent to each of the various district attorneys, containing a statement of such fact, and after publication thereof, foreclosure is made. Before filing judgment in such foreclosure proceedings, the purchaser may be restored to his rights by paying the amount due. This would include the interest which became due in advance on the preceding January.

Fifth. The privilege given to an applicant to pay the balance remaining unpaid before an act of the legislature requiring such payment in no manner relieves a purchaser from paying interest on January 1st of each year, in advance, if the principal be not paid before that time.

Sixth. The adoption of the theory of appellant would mean the waiver of payment of interest after it became due and payable, which the state has not authorized.

Seventh. The construction adopted by the trial court gives harmonious effect to all of the said sections of the code, fol-

lows the unequivocal direction of the statute and therefore should be upheld.

The judgment is affirmed.

Chipman, P. J., and Hart, J., concurred.