[L. A. No. 534. In Bank.—August 20, 1900.]

## W. H. WORKMAN et al., Appellants, v. SOUTHERN PACIFIC RAILROAD COMPANY, Respondent.

MUNICIPAL ORDINANCE — STREET FRANCHISE FOR RAILROAD — SINGLE OR DOUBLE TRACK — ELECTION — CONTINUED RIGHT — CONSTRUCTION OF ORDINANCE WITH STATUTE.—A municipal ordinance granting the right of way to a railroad company over one of its streets, and requiring it to construct its track or tracks as near the center of the street as may be, is to be construed in connection with the statute under which the railroad company is incorporated, as providing for such use of the street, and for such single or double track as is authorized by the statute. In the absence of any express limitation in the ordinance requiring the immediate election of the use of a single or double track by the railroad company, the city council must be deemed to have granted the right of way with the privilege to the company to construct a single track at the outset, and the continued right to construct

an additional track in the future, whenever it should become desirable from the necessities or convenience of operating its road.

ID.—DETERMINATION OF NECESSITY—CONSTRUCTION OF STATUTE.—Under a statute empowering the governing body of a city to grant "the use of any of the streets or highways which may be absolutely necessary in order to enable any such company to reach an accessible point for a depot in any such . . . . city, . . . . or to pass through the same along as direct a route as possible and accommodate the traveling and commercial interests thereof," the city council is not required to determine in the first instance what use of the street is "absolutely necessary" for the company. The statute does not require the use to be designated in the ordinance; but it is sufficient to designate the street to be used, and it may be properly left to the determination of the railroad company what use thereof will be necessary for its business, which can only be determined as time and experience shall demonstrate.

ID.—ORDINANCE NOT A REVOCABLE LICENSE.—An ordinance granting the right of way over a street to a railroad company, which contains no limitation of time for the completion of a double track, is not to be construed as a revocable license for such completion, on the ground that a single track was first completed and used under the ordinance.

ID.—IMMATERIAL FINDING — TITLE TO STREET IN FEE —APPELLANTS NOT INJURED.—Where the city, which has appealed, is bound by the terms of its ordinance to allow a double track to be constructed upon its street, and the double track is constructed upon the opposite side of the street to that claimed in fee by a private party appellant, it is immaterial to either of the appellants whether a finding that the appellants have no title or interest in the land within the lines of the street is or is not sustained by the evidence.

APPEAL from a judgment of the Superior Court of Los Angeles County. Walter Van Dyke, Judge.

The facts are stated in the opinion of the court.

W. E. Dunn, City Attorney of Los Angeles, Walter F. Haas, Successor, T. E. Gibbon, and William J. Hunsaker, for Appellants.

The railroad company exhausted its power by the original location of its road, under the grant of the ordinance expressly reserving all the residue of the street for other uses. (*Rush v. Jackson*, 24 Cal. 308, 316; *Welsh v. Plumas County*, 94 Cal.

368; Pierce on Railroads, 254, and cases cited; *Morris etc. R. R. Co. v. Central R. R. Co. etc.*, 31 N. J. L. 205; *Moorehead v. Little Miami R. R. Co.*, 17 Ohio, 340-49.) Public grants and ordinances are to be construed most favorably to the public. (*Jackson Co. etc. R. R. Co. v. Interstate Rapid Transit Co.*, 24 Fed. Rep. 306-08; *Bartram v. Central Tp. Co.*, 25 Cal. 283; *Cullen v. Sprigg*, 83 Cal. 62; *Oakland v. Oakland Water Front Co.*, 118 Cal. 160; *Louisville etc. R. R. Co. v. Kentucky*, 161 U. S. 677-79; Thompson on Corporations, sec. 5345; Sutherland on Statutory Construction, sec. 378.) A privilege donated by ordinance which is not accepted or acted upon is not a vested right, but a revocable license. (Elliott on Railroads, sec. 69; *Philadelphia etc. Ry. Co.'s Appeal*, 102 Pa. St. 123; *Atchison etc. Ry. Co. v. Nave*, 38 Kan. 744[1]; *Great Cent. Ry. Co. v. Gulf Ry. Co.*, 63 Tex. 529; *San Francisco v. Calderwood*, 31 Cal. 585[2]; *San Pedro v. Southern Pac. R. R. Co.*, 101 Cal. 333, 336; *Potter v. Mercer*, 53 Cal. 667; *Chicago City Ry. Co. v. People*, 73 Ill. 541; *American Rapid Tel. Co. v. Hess*, 125 N. Y. 641[3]; *Blaisdell v. Portsmouth etc. R. R. Co.*, 51 N. H. 483; *Wilmington etc. Ry. Co. v. Battle*, 66 N. C. 540.) Under the statute of 1861, the common council must determine what use of the street is necessary, and cannot delegate their power to the railroad company. (*Cape May etc. R. R. Co. v. Cape May*, 58 N. J. L. 565; *Citizens' Street Ry. Co. v. Jones*, 34 Fed. Rep. 577, 581; *Richardson v. Heydenfeldt*, 46 Cal. 68, 70; *Oakland v. Carpentier*, 13 Cal. 540, 546; *Davis v. King*, 66 Conn. 465[4]; *Concord v. Concord Horse R. R. Co.*, 65 N. H. 34; *Scollay v. County of Butte*, 67 Cal. 249; *Holley v. County of Orange*, 106 Cal. 420, 424; *House v. Los Angeles Co.*, 104 Cal. 77, 79.)

Bicknell, Gibson & Trask, and James A. Gibson, for Respondent.

The ordinance is to be construed as allowing the construction of a single track, and of a double track thereafter, when the demands of business require it. (*Philadelphia etc. R. R. Co. v. Williams*, 54 Pa. St. 107; *Commonwealth v. Hartford R. R. Co.*, 14 Gray, 379; 1 Rorer on Railroads, 297, 489, 505;

---

1 5 Am. St. Rep. 800.                    3 21 Am. St. Rep. 764.

2 91 Am. Dec. 542.                       4 50 Am. St. Rep. 118, note.

*Hestonville R. R. Co. v. Philadelphia*, 89 Pa. St. 210, 218; *Ransom v. Citizens' Ry. Co.*, 104 Mo. 375; *Arcata v. Arcata etc. R. R. Co.*, 92 Cal. 639; *San Pedro v. Southern Pac. R. R. Co.*, 101 Cal. 333; *Citizens' Street Ry. Co. v. Memphis*, 53 Fed. Rep. 715; *Central Branch etc. R. R. Co. v. Atchison etc. R. R. Co.*, 26 Kan. 669, 675.)

HARRISON, J.—In September, 1872, the city of Los Angeles passed an ordinance granting to the Southern Pacific Railroad Company a right of way along Alameda street in said city in the following terms:

"The mayor and common council of the city of Los Angeles do ordain as follows:

"Section 1. That the right of way for the railroad track of the Southern Pacific Railroad Company in and out of the city of Los Angeles for the distance said company may wish to use the same be and the same is hereby granted to said company, its successors, and assigns, over and upon the street and its extension commonly called Alameda street.   The said company to locate its track or tracks as near the center of the street as may be; and the residue of said street to be held and used by said city for the passage of persons and vehicles on each side of the same; provided that said city expressly reserves the right to locate cross-streets over and across any part of Alameda street and railroad track as the future improvements and convenience of the city may require; and the railroad company, in consideration of said right of way, agree to provide and keep in repair convenient crossings over their track or tracks at the crossing of such streets now in use or which may be hereafter located by said city.   And provided, further, that said city reserves the right to construct and pass under said track any water canal or zanja or water ditch, at the expense of said city, its successors or assigns, which may become necessary for the use of the inhabitants of said city.   The said railroad company, its successors and assigns, to correspond the track of said road to the required grade of water canals, zanjas, or ditches now in use; and provided, further, that said railroad track or tracks shall correspond to the official grade of said street."

Very soon thereafter the railroad company laid down and constructed a single track along said street which it has since

continued to use in the operation of its road and business. In 1893 it laid a double track on the portion of said street north of Commercial street, and was proceeding to extend this double track along Alameda street from Commercial to Fourth streets, when the present action was brought by certain owners of property upon the east line of the street to enjoin the company from laying a second track in that portion of the street. While the action was pending the city of Los Angeles filed a complaint in intervention in which it joined the plaintiff in claiming said relief. The case was tried by the court, and judgment rendered declaring that the railroad company had the right and authority to lay down and construct a double track along said street under and by virtue of the above ordinance of 1872, and denying the relief sought by the plaintiffs and intervenor. From this judgment the plaintiffs and the intervenor have appealed.

The question presented upon the appeal involves the construction and effect to be given to the ordinance. It is contended on behalf of the appellants that the ordinance was indefinite in its terms and gave to the company an election to construct either a single or a double track along the street, and that by its original construction it elected to have only a single track thereon, and thereby exhausted whatever power to construct a double track was given it by the ordinance.

Section 17 of the act relating to the incorporation of railroad companies, passed May 16, 1861 (Stats. 1861, p. 607), provides in the fourth subdivision thereof that a railroad company may lay out its road and may construct and maintain the same with a single or double track, with such appendages "as may be deemed necessary for the convenient use of the same." It is provided in subdivision 5 of this section that the company may construct its road upon any street, avenue, or highway, and by section 21 that any county, city, or town may by a two-thirds vote of its governing body grant to the company "the use of any of the streets or highways which may be absolutely necessary in order to enable any such company to reach an accessible point for a depot in any such county, city, or town, or to pass through the same along as direct a route as possible and accommodate the traveling and commercial interests there-

.of." It is under this authority that the above ordinance was passed by the city council in 1872, and the meaning of that ordinance and the extent of the grant thereby made is to be determined by the terms of the ordinance, viewed in the light of the authority given to the council for its adoption, and the circumstances under which it was passed. The grant to the company is made in the first sentence of the section, and the subsequent provisions in the section are but reservations of certain rights to the city, and obligations assumed by the company in regard to its exercise of the grant. By this ordinance the city granted to the company the right to construct "the railroad track of the Southern Pacific Railroad Company in and out of the city of Los Angeles." There is no express statement in the ordinance to that effect, but it is to be assumed that the subsequent use of the street by the company was in pursuance of the ordinance, and that at that time there was no railroad track upon Alameda street. "The railroad track of the Southern Pacific Railroad Company" was such as it was authorized to construct and maintain by virtue of the act under which the company was incorporated, and under section 17 of that act, above quoted, it was authorized to construct and maintain a single or double track, as it might from time to time find necessary or convenient for the transaction of its business. It must be held, therefore, that by the terms of the ordinance it was the intention of the city council to give to the company a right to the use of the street for the maintenance thereon of such railroad tracks as under the statute it was authorized to construct for the operation of its road.

The grant to the company is not of such a character as to require an immediate election by it of the mode in which it would avail itself of the grant, or to authorize us to hold that the mode in which it in fact has hitherto made use of the street exhausted its power to change that mode. No limitation of this character is required by the statute under which the ordinance was adopted, and there is nothing in the language of the ordinance which limits the company to the right to such use of the street as it might make in the first instance. Nor is any time prescribed within which it shall construct its tracks thereon. No inference is to be drawn from the fact

that in some places in the above section the word "track" is used, while in other places is found the phrase "track or tracks." The connection in which the word or phrase is used is not such as to require any particular significance to be given to the use of one rather than the other. The purpose of the ordinance was to enable the company to carry into effect the objects for which its road was constructed, and to enable it, in the language of section 21, "to reach an accessible point for a depot in said city," and the right of way was granted thereby "in and out of the city of Los Angeles" for the purpose of enabling it to "pass through" the city to the terminus of its route, and "to accommodate the traveling and commercial interests thereof." Unless the company was expressly required by the ordinance to construct a double track in the first instance, if it would avail itself of that privilege, reasonable business prudence would justify it in postponing such construction until the increase of its traveling and commercial interests should demand it. At the date of the ordinance the road was not completed, and, like all business enterprises of that nature, its success was more or less problematical, and, in the absence of any limitation to that effect, the council must be deemed to have granted the right of way with the privilege to the company to construct a single track upon the street at the outset, and the continued right to construct an additional track thereon in the future whenever it should become desirable from the necessities or convenience of operating its road.

The claim of the appellants that under the statute the council was required to determine in the first instance what use of the street was "absolutely necessary" for the company, and that it could not delegate such determination to the company, is untenable. The power conferred upon the city by section 21 of the statute is to grant to the company the use of such street or streets as may be necessary to enable it "to reach an accessible point for a depot in the city, or to pass through the same on as direct a route as possible, and accommodate the traveling and commercial interests thereof." But it is not required by the statute that a designation of the use which the company may make of the street shall be specified in the ordinance. The statute requires the council to determine the

street or streets of which it will give the use to the company, but from the nature of the case the council cannot determine in advance for the entire existence of the corporation what use of the street will be necessary for its business. Such use, and the necessity therefor, can be determined only as time and experience shall demonstrate, and may properly be left to the determination of the company. The grant to the defendant in section 1, above quoted, of the use of Alameda street without any limitation or qualification, leaves to the company the right to make such use of the street as the city could authorize and as circumstances may at any time thereafter require.

Neither can the contention that the ordinance is but a revocable license to use the street be sustained. (*Arcata v. Arcata etc. R. R. Co.*, 92 Cal. 639.) Moreover, the record fails to show that any attempt has been made by the city to rescind or repeal the ordinance, or to revoke the grant originally made thereby.

It is objected that the evidence is insufficient to sustain the finding that the plaintiffs have no title or interest in the land within the lines of Alameda street. This finding depends upon the effect to be given to the title which the city of Los Angeles has in the streets within the boundaries of the land patented to it by the United States. We find it unnecessary, however, to determine this question in the present case, for the reason that, as we hold that the ordinance of 1872 conferred upon the company the right to construct a double track upon Alameda street, which it can still exercise, the question of the plaintiffs' title to fee in the street is irrelevant; and for the further reason that it appears from the bill of exceptions that their claim of title extends over only the easterly half of the street, while the track which the defendant is about to construct thereon will be upon the westerly half of the street.

The judgment is affirmed.

Henshaw, J., Garoutte, J., and McFarland, J., concurred.

BEATTY, C. J., dissenting.—I dissent. It is the settled doctrine of this court that public grants are to be strictly construed against the grantee. The construction given to this

grant seems to me to go to the extreme of liberality in favor of the grantee. By the act of May 16, 1861, quoted in the opinion of the court, the governing body of a city or county may grant to a railway company the use of any streets or highways "which may be absolutely necessary in order to enable such company to reach an accessible point for a depot in any such county, city, or town, or to pass through the same along as direct a route as possible and accommodate the traveling and commercial interests thereof." This provision of the act is, I think, erroneously construed in the opinion of the court, which holds in effect that a city having once granted to a railway company a right of way upon one of its streets to reach its depot or to pass through the city on as direct a route as possible, thereby subjects such street to the control of the railway company to be used by it at its discretion in such manner as its convenience may dictate and in violation of the reasonable conditions of the grant. The statute, in my opinion, contemplates the grant of a mere right of way for the track (of a single track road) or tracks (of a double track road) to the depot or through the town, and such use only of the selected street as may be absolutely necessary for those purposes.

Construing the ordinance in connection with the statute, I think it was meant to grant only such right of way, and the use of the expression "track or tracks" in the ordinance had reference to the right of the grantee under the statute to construct its road with a single or a double track. If it should construct a single track road, it was to have the right to lay that single track on the street; if it should construct a double track road, it was to have the right to lay those double tracks along the street; and, in either case, the grant was made upon the reasonable and lawful condition that such track or tracks should be located as near the center of the street as possible, leaving the space on either side free for the passage of persons and vehicles. This condition made it necessary for the railroad company, in accepting and acting upon the grant, to make its election between a single and a double track. If it was a single track road, and laid a single track along the street, it was necessary that the two rails should be laid equidistant

from the center line of the street. If it was a double track road it was necessary that each track should be equidistant from the center line of the street.

The company made its election. It laid a single track and laid it in the center of the street. It obtained access to its depot and a direct route through the city, and after using the franchise for twenty years proceeded to lay an additional side-track on one side of the center of the street and in clear violation of one of the express conditions of the grant. If it can violate this condition I do not see that it may not with equal right violate every other condition of the grant. I do not see, for instance, why it cannot lay another sidetrack on the other side of the street if it should determine such additional track to be necessary for its business.

As to the point that the railroad company was bound by its election to lay a single track in the center of the street, the appellants have cited in their briefs and in their petition for a rehearing the case of *Rush v. Jackson,* 24 Cal. 308. No attempt is made in the opinion of the court to distinguish that case, and in my opinion it cannot be distinguished from this case except by saying that the grounds for holding the grantee of the franchise bound by his election are much stronger in this case than in that.

The judgment of the superior court, in my opinion, was erroneous.

Rehearing denied.