Eastern Wisconsin Railway and Light Company, Respondent, vs. Winnebago Traction Company, Appellant.

*October 26—November 14, 1905.*

*Street railways: Ordinances granting option to build single or double
track railway: Election.*

Municipal ordinances granted to a street railway company a right
to build and operate on certain streets "a single or double track
railway, with all necessary switches and turnouts," provided it
was built and in operation on or before a certain time. The
company built and put in operation within that time a single-
track railway. *Held,* that the grant was of an option to do one
of two things, and the company, having elected to build the
single-track railway, had no right, after the time stated, to con-
vert its line either wholly or partially into a double-track road.

Appeal from an order of the circuit court for Winnebago
·county: Geo. W. Burnell, Circuit Judge. *Affirmed.*

The plaintiff is a railroad corporation operating an electric
interurban railway between the cities of Oshkosh and Fond
du Lac, and the defendant is a street railway corporation
operating an electric street railway system in the city of Osh-
kosh. At and prior to the time of the commencement of this
action the defendant operated a single-track street railway,
with turnouts and switches, upon various streets in the city of
Oshkosh, and had a single track upon Main street in said city

running south from a point near the intersection of High
street to and across Main street bridge, over Fox river, and for
three blocks on South Main street to its intersection with
Ninth street. The present action involves the right to lay
and operate a second track upon said parts of Main and South
Main streets above mentioned, which right is claimed by each
party under city ordinances. Just prior to the commencement
of this action the plaintiff had laid a second track upon that
part of South Main street above mentioned, and was about to
continue the same across the bridge and upon that part of
Main street north of the bridge. The complaint charged that
the defendant was about to lay a second track upon the parts
of Main and South Main streets aforesaid by force, and to
exclude the plaintiff therefrom, and prayed for a permanent
injunction against such action, and for an injunctional order
*pendente lite.* Upon the hearing of the motion for the tem-
porary restraining order it appeared that the defendant's
rights in the street were based primarily upon two ordinances
passed by the common council of the city of Oshkosh in the
year 1897. The first of these ordinances, passed June 30,
1897, granted to the defendant's assignor, the Citizens' Trac-
tion Company, the right to build, operate, and maintain for
a period of thirty-five years from January 1, 1897, "a single
or double track street railway, with all necessary switches or
turnouts, to be laid under the direction of the board of public
works" on certain streets of the city, not including the streets
in controversy here, and contained a proviso that the entire
line was to be completed and in operation on or before Janu-
ary 1, 1899. The ordinance further provided that, in case of
failure to build, complete, and operate said road, or any part
thereof, within the time fixed by the ordinance, all rights and
privileges under the ordinance should cease and be forfeited.
The second of said ordinances, passed November 16, 1897,
amended the preceding ordinance by adding thereto the right
to build upon certain additional streets, including the streets

now in controversy, and changed the proviso by requiring that the entire line should be completed and in operation on or before July 1, 1898, but otherwise made no material changes in the first-named ordinance. Under these ordinances the defendant's assignor constructed its railway system within the time limited, which system is shown by affidavits to have been substantially a single-track system, with turnouts and switches, and operated the same until March, 1900, when the defendant purchased the same. October 10, 1901, the city again amended the original ordinance by giving the right to the defendant to build upon certain additional streets, and requiring that the whole line should be completed and in operation on or before July 1, 1902. The additional lines authorized by this ordinance were built and put in operation within the limited time, and were also single-track lines. November 10, 1903, the common council of Oshkosh passed an ordinance granting to the plaintiff the right to lay and maintain a single or double track for an electric interurban street railroad, with necessary turnouts, upon South Main street, Main street bridge, and Main street, provided, however,

"that no more than two tracks, including those heretofore laid or existing, or which any other railway company has a right to lay under existing franchise or franchises, shall be laid along said streets, but in lieu of the laying of such tracks where a single or double track has been heretofore laid or shall hereafter be lawfully laid by another company on any part of said street, the said *Eastern Wisconsin Railway & Light Company* is hereby authorized to carry and operate its interurban cars over and along such tracks of any other company by purchase, lease, or other contract arrangement with such company or any other company now owning or using an existing track or tracks along any of said streets."

By the terms of this last-named ordinance the railroad was to be completed and in operation on or before August 1, 1905, in default of which all rights thereunder ceased. Prior to the passage of this ordinance the plaintiff had acquired by pur-

chase the track and franchises of the Fond du Lac & Oshkosh
Railroad Company, a corporation which owned and operated
an interurban electric road from Fond du Lac to a point a
mile and a half south of the city limits of Oshkosh, at which
point its tracks joined the defendant's tracks, and its cars
came into the city of Oshkosh over the defendant's road, in-
cluding the parts of Main and South Main streets in question,
by virtue of a contract made with the defendant, which by its
terms gave that right for the full term of the defendant's fran-
chise.    This contract was assigned to, and the obligations
thereto assumed by, the plaintiff November 3, 1903.    On
June 8, 1905, the plaintiff began the construction of a second
track on South Main street, between Ninth street and the
aforesaid bridge, parallel to and east of the defendant's track,
and partially completed the same, and upon the same day com-
menced this action and procured an order to show cause why
the defendant should not be enjoined from interfering with
said track so laid on South Main street, and from laying any
track itself in North Main street between said bridge and
High street.    A counter motion was thereupon made, by the
defendant, asking that the plaintiff be enjoined *pendente lite*
from laying any track, either in South Main street or Main
street.    Both motions were heard together, and the court made
an order restraining the defendant from interfering with the
plaintiff's track so laid in South Main street, or laying a sec-
ond track therein, and also restraining the plaintiff from lay-
ing a track in North Main street until the final determination
of the action.    From that part of the order enjoining the de-
fendant from laying a track in South Main street, or interfer-
ing with the plaintiff's track therein, the defendant appeals.

For the appellant the cause was submitted on the briefs of
*Weed & Hollister.*   They contended, *inter alia,* that the build-
ing and operation of a system composed of single and double
track on all the streets named vested in appellant for the full
term of thirty-five years from January 1, 1897, every right

and privilege conferred by the ordinance. The ordinance became a contract between the state and the appellant. The right to lay additional tracks to meet the demands of the public and the business of the company became a valuable property right which cannot be destroyed or taken away without just compensation. Nellis, Street Surface Railroads, 32, 37; Elliott, Roads & S. §§ 741, 750, 752; *Dartmouth College v. Woodward,* 4 Wheat. 518; *Pearsall v. G. N. R. Co.* 161 U. S. 646; *In re Union El. R. Co.* 113 N. Y. 275. Where an ordinance permits the laying of a single or double track and the company lays a single track, the right to lay an additional track becomes a vested right that can be exercised by the company whenever occasion requires. Nellis, Street Surface Railroads, 109, 128; Booth, Street Railroads, § 51 and notes; 27 Am. & Eng. Ency. of Law (2d ed.) 35, 55; *Ransom. v. Citizens' R. Co.* 104 Mo. 375; *Hestonville, M. & F. P. R. Co. v. Philadelphia,* 89 Pa. St. 210; *Henderson v. C. P. R. Co.* 21 Fed. 358, 368, 369; *Workman v. S. P. R. Co.* 129 Cal. 536; *Philadelphia, W. & B. R. Co. v. Williams,* 54 Pa. St. 103; *People's P. R. Co. v. Baldwin,* 14 Phila. 231; *Burlington v. Burlington St. R. Co.* 49 Iowa, 144; *Houghton Co. St. R. Co. v. Laurium,* 135 Mich. 614, 2 St. R. Rep. 487; *Wright v. Milwaukee E. R. & L. Co.* 95 Wis. 29.

For the respondent there were briefs by *Bouck & Hilton* and *A. E. Thompson,* and oral argument by *Mr. Thompson, John F. Kluwin,* and *T. W. Spence.* They argued, among other things, that a grant by a municipality under authority from the state is to be taken most strongly against the grantee, and nothing is to be taken by implication against the public. *People v. Broadway R. Co.* 126 N. Y. 29; *State ex rel. Cream City R. Co. v. Hilbert,* 72 Wis. 184; *Jackson Co. H. R. Co. v. Interstate R. T. R. Co.* 24 Fed. 306–308; *Oakland v. Oakland W. F. Co.* 118 Cal. 160; 4 Thomp. Corp. § 5345. The defendant and its predecessors having exercised their option to build a single-track railway and to build in South Main

street and the lower portion of Main street but a single track, the power, whatever it may have been, under the franchise to build a double-track street railway is exhausted. *Rush v. Jackson,* 24 Cal. 308; *Pennsylvania S. V. R. Co. v. Phila. & R. R. Co.* 157 Pa. St. 42. See, also, *Street R. Co. v. West Side St. R. Co.* 48 Mich. 433; *Workman v. S. P. R. Co.* 129 Cal. 536, 543–545. In determining the rights of rival claimants to the use of the streets, the courts are largely influenced by a consideration of the public welfare. *Ft. Worth St. R. Co. v. Rosendale St. R. Co.* 68 Tex. 169; *Chicago G. R. Co. v. West Chicago St. R. Co.* 63 Ill. App. 464.

Winslow, J. There was much discussion in the briefs of counsel upon the question whether the defendant had forfeited its right to construct double tracks in the streets of the city of Oshkosh; but, as we view it, that question is not the question upon which the case turns. The defendant acquired, by the ordinances under which it operates, the right to build and maintain "a single or double track railway, with all necessary switches and turnouts," upon certain streets of the city, provided that the entire line should be completed and in operation on or before a certain date. The question presented is simply as to the proper construction of this grant. Should it be construed as granting to the defendant the right to build within a certain time either a single-track railroad or a double-track railroad, or should it be construed as granting the right to build a single-track railroad within the prescribed time, and to lay additional tracks at any place and at any time in the future and thus convert it wholly or partially into a double-track road as it might choose? In other words, was the right an option which must be acted upon within a certain time, and which was exhausted when acted upon; or was it a continuing privilege to lay either single or double tracks at any time within the life of the franchise?

This is purely a question of the proper and reasonable con-

struction of the language used, and there is little in the way of authority which throws any light on the subject. The cases of *Ransom v. Citizens' R. Co.* 104 Mo. 375, 16 S. W. 416, and *Burlington v. Burlington St. R. Co.* 49 Iowa, 144, are relied upon by the appellant as tending to support its contention, but it is plain that they have no material bearing on the question. In the first case cited the city of St. Joseph granted to the plaintiff a right of way for the construction and operation of street railways in the city, with the power and privilege to construct double tracks with turnouts and switches; the same to be completed within a specified time. A single track was laid and operated for many years, when the company prepared to lay a double track, and an adjoining property owner challenged the right. The court, while confessing that the language was not clear, held that the true import of the words of grant appeared by treating the words "with the power and privilege to construct double tracks" as if in parenthesis. With this interpretation there was no question but that the right was a continuing one. In the second case cited the city by ordinance granted the company authority to lay single or double tracks on certain streets, and the company laid a single track. Afterwards the city attempted to amend the ordinance and take away the right to lay double tracks, and it was held that the original ordinance with its acceptance constituted a contract which the city had no power to change. These cases are not helpful upon the proposition before us, nor does the case of *Workman v. S. P. R. Co.* 129 Cal. 536, 62 Pac. 185, 316, throw any light upon it.

That a single-track railroad and a double-track railroad are entirely different things is made clear by the affidavits used upon the motion, and is doubtless a matter of common knowledge. That the defendant's road was a single-track road is equally clear. It had turnouts and switches, some of them 500 or 600 feet long, and one, crossing a bridge, over 1,000 feet long; but it clearly appears that they were nothing more

than switches or turnouts, which, of course, are absolutely necessary in the operation of a single-track road. If the grant was the grant of an option to build one or the other, it is certain that the company exercised its right of choice. Looking at the language used fairly and reasonably it seems to us quite clear that it was an option. A right to do either one of two different things within a certain time is a right to do one thing, not two. Here the right was to build and operate "a single or double track street railway," provided it was built and in operation on or before a certain time. A single-track railway was built and in operation within that time. One alternative was accepted, and the other was rejected and necessarily lapsed, because both were not offered. This view necessitates affirmance.

*By the Court.*—That part of the order which is appealed from is affirmed.

