## Village of La Grange, Appellee, v. Indiana Harbor Belt Railroad Company, Appellant.

### Gen. No. 22,761.

1. RAILROADS, § 173*—*when ordinance requiring construction of railroad tracks within specified period construed to allow construction of other tracks.* Under a village ordinance authorizing and permitting a railroad to construct and operate one or more main and all necessary side tracks within certain specified limits of the village, and requiring the construction of a certain portion of said tracks within two years after the passage of the ordinance, but without any specified limitation as to the construction of other tracks, *held* that such ordinance did not limit the right of the railroad to construct other tracks within any reasonable time after the passage of the ordinance.

2. RAILROADS, § 173*—*what is not reasonable time for construction of tracks under ordinance.* Nineteen years is not a reasonable time within which to construct other tracks under an ordinance requiring a railroad to construct certain tracks within two years after the passage of the ordinance and permitting the construction of such other tracks within a reasonable time after the passage of such ordinance.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. RAILROADS, § 173*—*how ordinance permitting construction of railroad tracks construed.* A municipal ordinance authorizing and permitting the construction of railroad tracks within the municipal limits should be construed strictly against the grantee of such ordinance.

Appeal from the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed March 26, 1917. Rehearing denied April 9, 1917. *Certiorari* denied by Supreme Court (making opinion final).

GLENNON, CARY, WALKER & HOWE, for appellant; F. HAROLD SCHMITT, of counsel.

FREDERIC L. GOFF, for appellee.

MR. JUSTICE DEVER delivered the opinion of the court.

Complainant, Village of LaGrange, filed a bill in the Circuit Court praying for an injunction against the defendant, Indiana Harbor Belt Railroad Company, to restrain it from the construction of a certain railroad track across streets in the Village of La Grange. The defendant railroad company filed a cross-bill in the suit, in which it sought to restrain the village from interfering with the construction by the defendant of said railroad track. A demurrer was filed to the bill of complaint by the defendant, and likewise the complainant filed a demurrer to the cross-bill filed by the defendant. The trial court overruled the defendant's demurrer to the bill and ordered that an injunction issue in accordance with the prayer thereof, and it sustained the demurrer of the complainant to the cross-bill of the defendant, and the cross-bill was dismissed. The defendant appeals from the order referred to, and in its brief states that "but a single question is presented in connection with the entire matter, i. e., whether or not the appellant, as the successor and as-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

sign of the Chicago, Hammond and Western Railroad Company, by virtue of the provisions of the ordinance of the Village of La Grange, passed October 5, 1896, and attached as Exhibit A to appellee's bill, has the right at the present time to construct within the limits prescribed by said ordinance an additional track across certain streets and alleys in the Village of La Grange."

On October 5, 1896, the Village of La Grange enacted an ordinance, section 1 of which is as follows:

"That permission and authority are hereby given and granted to the Chicago, Hammond & Western Railroad Company, its successors and assigns, to construct, maintain and operate a railroad, with one or more main tracks, with all necessary and convenient sidetracks, turnouts, switches and appurtenances on such lands in the Village of La Grange aforesaid, as it now has the right or may hereafter acquire the right to lay its tracks upon, across and along the following route:

"Commencing at a point on the south line of said village, between Bluff avenue and East avenue, and running thence in a general northerly direction to a point on the north line of Cossitt avenue, at which point the easterly line of the right of way of said railroad company shall not be less than sixty (60) feet east of the west line of block sixteen (16) of Ira Brown's addition to said Village of La Grange, and continuing thence northerly to the north line of said village, with full permission and authority to cross all intersecting streets and alleys.

\*          \*          \*          \*          \*          \*          \*

"Provided, however, that the said railroad shall not be constructed west of the east line of Tilden avenue, and the east line of Tilden avenue produced to the north line of said village."

Section 10 of the ordinance contains the following provision:

"Said Chicago, Hammond & Western Railroad Company shall lay at least one main track through

said Village of La Grange and complete the construction of the subway, aforesaid, within two years from the passage of this ordinance, otherwise the same shall be null and void."

The defendant is the successor and assignee of the original grantee named in the above ordinance, and it is not disputed that as such it is entitled to all of the rights and privileges given in the ordinance to its predecessor.

From an examination of both the bill of complaint and the cross-bill it appears that the defendant, under the authority of the ordinance above quoted, had constructed two main railroad tracks along its right of way and across certain streets in the Village of La Grange within the limits prescribed by the ordinance; that the defendant is a belt railway line; that its principal business is the transportation of freight received from "one of the railroad companies whose tracks it intersects, to be carried to and delivered for further transportation to another of the railroad companies whose tracks are intersected by it"; that the service rendered by the defendant is commonly known as a switching service; that the only time limitation contained in said ordinance is that referred to in section 10 thereof, above quoted, wherein it was provided that at least one main track through the Village of La Grange should be laid within two years from the passage of the ordinance; that the defendant's predecessor had complied with the provisions of section 10 of the ordinance and that it did, within two years from the date of its passage, construct two main tracks upon its right of way and across certain streets in the Village of La Grange, together with all necessary side tracks, turnouts, etc.

It is alleged in the cross-bill that at the time the grantee named in the ordinance had constructed the two tracks referred to it had also provided for the

construction of additional tracks which it was authorized to construct under the terms of the ordinance and "which might thereafter become necessary or convenient to it, its successors and assigns, in the operation of said railroad"; that it had built a subway at a point where its tracks crossed those of the Chicago, Burlington & Quincy Railroad of sufficient width to permit the construction and maintenance of two additional tracks.

It is also alleged in the cross-bill that it is now necessary for the defendant, in order to properly perform its duty to the public, to construct another main track on its right of way in the Village of La Grange, and that unless such additional track is constructed, irreparable damage will result to it as well as to the public at large; that the complainant has refused to give its consent and that it threatens to obstruct and interfere with the construction of this additional track by defendant.

In the bill of complaint it is alleged, in substance, in addition to the foregoing that the defendant has no legal right to construct its main track in question; that notwithstanding this fact it threatens to do so, and that it should be permanently enjoined from so doing.

It is conceded by counsel for the parties that but one question is presented for the consideration of the court, that is, whether sections 1 and 10 of the ordinance referred to should be so construed as to permit or prevent a construction by defendant of an additional main track across the streets in the Village of La Grange, as specified in the ordinance. No time limit for the work for the laying of the tracks permitted under section 1 of the ordinance is fixed in that section. Section 10, however, provides that "said Chicago, Hammond & Western Railroad Company shall lay at least one main track through said Village of La Grange and complete the construction of the sub-

462    APPELLATE COURTS OF ILLINOIS.

Village of La Grange v. Indiana Harbor Belt R. Co., 204 Ill. App. 457.

way, aforesaid, within two years from the passage of this ordinance, otherwise the same shall be null and void.'' It is obvious from a mere reading of the language of this ordinance that it was not intended to limit the right of the grantee named in the ordinance to lay tracks across the streets referred to, to the two-year term fixed in section 10. That section clearly was intended to provide for a performance by the grantee of at least a part of the things which it was generally permitted to do under the terms of section 1; and we are not impressed with the argument that the words ''within two years'' should be so construed as to limit the right of such grantee ''to construct, maintain and operate a railroad with one or more main tracks,'' as authorized in section 1 of the ordinance. When these two sections are construed together it is not at all difficult to arrive at the intention of the parties as expressed in the language itself. In the first section of the ordinance the grantee is given the right to lay down one or more main tracks, with all necessary side tracks, switches, etc., and it is obvious that section 10 was intended as a time limitation within which the grantee was required to construct at least one of such main tracks.

A more difficult question is presented, however, when we come to consider the contention of the complainant that the ordinance must be construed so that the grants, rights, or privileges flowing to the grantee named in the ordinance, or its successor, must be exercised within a reasonable time after the adoption and approval of the ordinance. It is conceded in argument by both parties that ordinances such as the one in question are to be construed strictly as against the grantees and in favor of the public.

In *Russell v. Sebastian*, 233 U. S. 195, it was held that:

''Public grants are to be construed strictly in favor

of the public.  *  *  *  It has often been stated as one of the reasons for the rule that statutes and ordinances embodying such grants are usually drawn by interested parties, and that it serves to frustrate efforts, through the skillful use of words, to accomplish purposes which are not apparent upon the face of the enactment.''

The bill and cross-bill in the suit were filed about nineteen years after the passage of the ordinance in question. Within two years after the ordinance was adopted the grantee had constructed certain tracks across the streets within the limits referred to in the ordinance, and, by its counsel, it urges that now, after this long lapse of time, it has the legal right under the ordinance to construct an additional track within such limits.

Our attention has not been called to any case decided by the courts of review of this State which passes upon the exact question under consideration. We do not believe that it can fairly be said that the work of construction done by the grantee within two years, as provided by section 10 of the ordinance, can be said to be an election by the defendant as to what powers or privileges it intended and expected to exercise under the ordinance grants, and we are inclined to so construe this ordinance as to hold that the defendant is given the right thereunder to construct such tracks, etc., within any reasonable time after the adoption of the ordinance.

In *Chicago Terminal Transfer R. Co. v. City of Chicago,* 220 Ill. 310, the company was authorized by ordinance to lay one or more tracks across streets of the City of Chicago, and it was provided in the ordinance that in the event that the tracks provided for were not constructed within three years the privilege was to be null and void. While the ordinance under consideration in that case differs in an important respect from the one to be construed in the case at bar, the language

464        Appellate Courts of Illinois.

Village of La Grange v. Indiana Harbor Belt R. Co., 204 Ill. App. 457.

of the Appellate Court (121 Ill. App.), appearing on page 210, is instructive:

"It does not seem reasonable, and it certainly is not desirable, that because an ordinance at some time, when a given section of a city is in a certain condition, gives to the railroad company the right to cross streets therein with 'one or more railroad tracks,' and one track is thereupon laid, therefore that railroad should have indefinitely in the future, when conditions in the neighborhood have perhaps adapted themselves to the single track, the power to multiply several times the space taken by the crossing, and thereby the dangers incident thereto."

In that case the ordinance under consideration fixed a definite three-year term for the performance of the privileges granted under the ordinance, and the railroad company, after it had laid down certain tracks in the street, sought within the three years to construct additional tracks in the same street; and, on page 316, the court said:

"The appellant company had power, in its discretion, to elect, within the three-years' limitation of said section 4, whether it would lay down, maintain and operate one or more tracks across the said streets, but such an election, when made, would be final and would exhaust the power or privilege, and no right would exist thereafter, under these ordinances, to lay additional tracks across the said streets."

The essential difference in this connection between the case just quoted from and the case at bar is that in the former the ordinance fixed a definite limit for the performance of the privileges granted, and, as we have construed the ordinance here under consideration, the grantee was given the right and was required, if it wished to keep the ordinance in force, to construct at least one main track in compliance with section 10 of the ordinance.

The case of *Snell v. City of Chicago*, 133 Ill. 413, relied upon by complainant, is similar in principle to the

case of *Chicago Terminal Transfer R. Co. v. City of Chicago, supra.*

There remains for our consideration, then, only the question of whether the defendant's proposal to construct an additional main track under the ordinance was made within a reasonable time after the ordinance was adopted. It is our opinion that under no reasonable theory can it be held that the defendant was given the privilege to construct the additional track which it now proposes to lay down, at any time that it might see fit to do so. Counsel for defendant contends, in effect, that the rights and privileges granted under the ordinance were perpetual. Regarding this ordinance as a contract fixing the rights of the parties to it, and keeping in mind the subject-matter of the contract and the character of the parties thereto, it must, we think, be concluded that the failure on the part of defendant to exercise the privileges conferred upon the grantee named in the ordinance for the period of nineteen years constitutes a waiver of any rights or privileges that it could otherwise have obtained or exercised under the ordinance. The privilege accorded the defendant under the ordinance was to lay down tracks across public streets in a settled community in the State of Illinois. The interest of the public in that community would not be conserved by permitting the defendants to exercise the privileges granted in the ordinance at this late day. The building of additional tracks across a public street in the Village of La Grange, for the transportation of freight thereon, nineteen years ago, or within a reasonable time thereafter, might not have resulted in material injury or nuisance to the public. On the other hand, the construction of such tracks for such purposes might at this time be an unbearable public nuisance.

In *Savannah & W. R. Co. v. Woodruff,* 86 Ga. 195, the court said:

"It seems plain to us that the sidetracks, etc., which did not become necessary for the convenience of the freight and passengers until twenty or thirty years thereafter, could not have been in legislative contemplation when the act was passed. The much safer and more rational construction is that the powers conferred by the act were exhausted by their exercise and by the consequent connection of roads."

And so in the case at bar; we think it may reasonably be held that the parties to this suit did not contemplate or intend that the privileges granted in the ordinance here under consideration were to be exercised at so late a date following the passage of the ordinance.

Counsel for the defendant have called our attention to well-considered cases touching the questions under consideration here, at least one of which cases, *Workman v. Southern Pac. R. Co.,* 129 Cal. 536, seems to support the contention of counsel. We are, however, disinclined to accept that case as an authority for the determination of the questions arising here.

The decree of the Circuit Court will be affirmed.

*Affirmed.*